**UNITED STATES of America,
Appellee,**

v.

**Alfonso MARTINEZ, Defendant–
Appellant.**

No. 05–3992–cr.

United States Court of Appeals,
Second Circuit.

June 12, 2008.

Tina Schneider, Portland, ME, for Appellant.

Edward K. Newman, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Beth P. Schwartz, Assistant United States Attorney, of Counsel), United States Attorney's Office for

the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, and P. KEVIN CASTEL,[1] District Judge.

## SUMMARY ORDER

Defendant-appellant Alfonso Martinez ("defendant" or "Martinez") appeals an order denying his motion to vacate the fine imposed against him on July 12, 1996 in connection with his criminal conviction for conspiracy to possess with intent to distribute cocaine. In May 2005, defendant filed a *pro se* "motion to dismiss the 500,-000.00 dollar fine imposed on petitioner" because of "his inability to pay an excessive fine like 500,000.00 dollars, or any fine." The Court denied the motion. On appeal, Martinez argues that the Court had authority to deny the motion and should have remitted the fine in its entirety pursuant to 18 U.S.C. § 3583(e), *see* note 2, *post.* The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

On June 25, 1992, Martinez was convicted following his guilty plea of conspiracy to possess, with intention to distribute, in excess of 5 kilograms of cocaine in violation of 21 U.S.C. § 846. In November 1992, the Court sentenced him to 324 months' imprisonment, a $500,000 fine, a special assessment of $50, and a term of supervised release for life. The judgment provided that the fine could be waived if the Probation Department determined that Martinez would be "unable to pay the fine within the first five years of the period of supervised release." On July 27, 1995, an amended judgment was entered, sentencing defendant to 22 years' imprisonment, a $500,000 fine, and a supervised release term of life. The judgment also contained the provision that the fine could be waived if Martinez could not pay it within the first five years of supervised release. On July 22, 1996, Martinez was resentenced to 19 years' imprisonment and a fine of $500,000 that could be waived if it was determined that he could not pay it within the first five years of supervised release. On or about May 25, 2005, Martinez filed the instant motion. He did not provide any information regarding his financial situation with the motion. On June 21, 2005, the District Court entered an order dismissing the motion as untimely under 28 U.S.C. § 2255 and noted that "it is questionable whether the Court has that authority [to reduce the fine] under Fed.R.Crim.P. 35." On July 11, 2005, Martinez filed this appeal.

On appeal, defendant does not challenge the District Court's findings, but raises for the first time two statutory bases for modification of the fine imposed at sentencing. First he argues that, pursuant to 18 U.S.C. § 3583(e),[2] the District

1. The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

2. Section 3583(e) provides, in relevant part, as follows:
The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
. . . extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

Court had the authority *sua sponte* to modify the payment of the fine as a condition of release. Next he argues that the Court had jurisdiction to reconsider the fine portion of the sentence under 18 U.S.C. § 3572(d)(3).[3]

Both arguments are unavailing. First, defendant incorrectly characterizes the fine as a condition of supervised release. Although the fine portion of the sentence allows for a waiver during the period of supervised release, it was imposed as a separate portion of the sentence and not as a condition of release. The second argument also fails because, in accordance with 18 U.S.C. § 3573, the sentencing court may not modify the terms and conditions of the fine except "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective." In any event, defendant has not provided any information regarding a material change in his economic circumstances to either the U.S. Attorney's Office or the sentencing court to demonstrate that a change to the fine was warranted.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

---

3. Section 3572(d)(3) provides in relevant part as follows:

A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

